## HARRIET C. NORTH

### v.

## THOMAS E. NORTH.

*Filed at Mt. Vernon April 1, 1897.*

1. EVIDENCE—*when writing other than that sued on is not admissible.* In suit by a husband against his wife on a promissory note executed to him by her, a paper containing a promise to pay an amount to a third party, which the husband had caused to be presented to his wife to sign, offering to cash it when signed, and saying his wife would not make notes to him, is not admissible to show the wife did not knowingly sign the note sued upon, though what the husband said at the time is proper.

2. HUSBAND AND WIFE—*note of wife to husband for improvement of her homestead is valid.* .The duty of a husband to furnish a home for his wife does not invalidate her contract with him for repayment of money and materials put by him into a new house on her land, afterwards occupied as a homestead.

*North* v. *North*, 63 Ill. App. 129, affirmed.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Jackson county; the Hon. JAMES P. ROBARTS, Judge, presiding.

ISAAC CLEMENTS, and F. M. YOUNGBLOOD, for appellant:

A gift once completed cannot be revoked or annulled without the mutual assent of the donor and donee. Schouler on Husband and Wife, chap. 4, sec. 385.

In this State, subject to the rights of his creditors, a husband may give to his wife all the property he has. *Racine Wagon Co.* v. *Roberts*, 54 Ill. App. 515.

His obligation to support her and the relations of the parties furnish a sufficient consideration to uphold the transaction. *Phillips* v. *Meyers*, 82 Ill. 67; *Majors* v. *Everton*, 89 id. 56.

The presumption is that a purchase in the wife's name is intended as a gift. *Fizette* v. *Fizette*, 146 Ill. 328.

The wife is not bound to maintain her husband out of her separate fortune, nor to bring any part of it into contribution for family purposes. Schouler on Husband and Wife, chap. 2, sec. 199.

The above seems to be the rule in this State. *McMahan* v. *Sankey,* 133 Ill. 636.

It is true, the legal title to this homestead was in Mrs. North; but that did not deprive her husband of his right to occupy the homestead with her. *Sanford* v. *Finkle,* 153 Ill. 147.

HILL & MARTIN, for appellee:

The party pleading want of consideration must prove such plea by the weight of the evidence. *Slacker* v. *Hewitt,* 1 Scam. 207; *Toper* v. *Snow,* 20 Ill. 434; *Mitchell* v. *Deeds,* 49 id. 416.

Consideration for an instrument sued on need not be proved by plaintiff in the first instance. *Goodwin* v. *Goodwin,* 65 Ill. 497.

Under the act of 1874 all restrictions upon the power of husband and wife to contract with each other, except as to compensation for services, are removed, and they are enabled to sue each other on all contracts, except for such services, and, like other parties, they may ratify a contract otherwise void. *Thomas* v. *Mueller,* 106 Ill. 36.

Any act which is beneficial to one party or a disadvantage to the other is a sufficient consideration. *Buchanan* v. *Bank,* 78 Ill. 500; *Burch* v. *Hubbard,* 48 id. 164.

An existing debt is a good consideration for a note or contract, whether the existing debt is an open account or one resting on an implied contract. Tiedeman on Com. Paper, sec. 164.

Mr. JUSTICE WILKIN delivered the opinion of the court:

Appellee recovered a judgment in the circuit court of Jackson county against appellant, who is his wife, on a promissory note, and that judgment has been affirmed

by the Appellate Court.   The note declared upon is as follows:

"CARBONDALE, ILL., *November 18, 1894.*

"One year after date I promise to pay Thomas E. North $1200 for material and labor furnished for my new house on lot No. 62, in the city of Carbondale, and I agree that this note shall be a first lien on said property and upon the insurance, should any casualty occur from fire.

HARRIET C. NORTH."

The pleas were the general issue, *non est factum* sworn to, a want of consideration, and procurement of the execution of the note by fraud.   Lot No. 62 mentioned in the note was occupied by the family as a homestead, the title being in the wife.   The facts attending the making of the note will be found stated more in detail in the opinion of the Appellate Court.

The only arguments presented to this court are those filed in the Appellate Court.   The case turns upon the issue of fact raised by the pleas.   The merits of the case are therefore settled adversely to the appellant by the decision of the Appellate Court, unless the verdict of the jury was the result of some erroneous ruling of the trial court.

The defendant offered in evidence a paper dated July 19, 1893, in the form of a promise to pay one Isaac Rapp $2000, which she claimed her husband requested Rapp to get her to sign, he offering to cash it when endorsed to him, saying his wife would not make any notes to him. The court refused to admit the paper, but did allow witnesses to state what the husband said at the time.   It is insisted the paper would, if it had been admitted, have corroborated Mrs. North's testimony, to the effect that she did not knowingly sign the note sued on.   In what way the contents of the paper would have had that effect counsel do not explain, and we are unable to see on what principle it was competent.   What was said about getting the paper signed may have been material, but the paper itself was wholly immaterial, and properly excluded.

The defendant below asked several instructions, to the effect that it is the duty of a husband to provide a homestead for his wife and family, and that the mere fact that the title to the lot on which it was built was in her, would not entitle the husband to recover from the wife money or material furnished by him in erecting a building thereon. Before giving these instructions the court modified them by adding, "unless the wife agreed with the husband to pay the husband such sum as he has so furnished." We think the modification was proper. The instructions as presented were misleading. The issue before the jury was not whether the mere fact that the husband had contributed money and material to building a family residence upon the wife's land entitled him to recover from her the amount so contributed, but whether her express promise to pay for the same could be enforced. The fact that it is the duty of a husband to furnish a home and otherwise provide for his wife will not prevent him from fairly contracting with her that money or materials advanced by him in the improvement of her property should be repaid him, merely because such property was occupied as a homestead. The money in such case is not expended for the purpose of providing a homestead alone, but to render more valuable the wife's property, and if she sees proper to obligate herself to repay the money she may legally do so. There was no error in the modification of instructions.

We find nothing in this record to indicate that appellant did not have a fair and impartial trial in the circuit court. The rights of the parties are properly settled by the decision of the Appellate Court. There is no merit in this appeal, and the judgment below will be affirmed.

*Judgment affirmed.*